FILED IN MY OFFICE
DISTRICT COURT CLERK
11/26/2012 3:53:29 PM
THERESA VALENCIA

Ab

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

PRISCILLA THREADGILL, Individually and as
Personal Representative of the Wrongful Death Estate
of JOSEPH THREADGILL, DAVID THREADGILL,
and DANIELLE THREADGILL

    Plaintiffs,

                                                                       D-1329-CV-2012-02542

v.                                No. _____

UNITED STATES AUTOMOBILE ASSOCIATION
CASUALTY INSURANCE COMPANY and
GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY

    Defendants.

## DECLARATORY JUDGMENT

PLAINTIFFS, Priscilla Threadgill, individually and as Personal Representative of Wrongful Death Estate of Joseph Threadgill, David Threadgill, and Danielle Threadgill, by and through their undersigned attorneys, for their Complaint against DEFENDANTS United States Automobile Association Casualty Insurance Company ("DEFENDANT USAA") and Garrison Property And Casualty Insurance Company ("DEFENDANT GARRISON"), state as follows:

### PARTIES, JURISDICTION AND VENUE

1.    PLAINTIFFS are residents of Sandoval County, New Mexico.

2.    PLAINTIFF Priscilla Threadgill was appointed Personal Representative of the Wrongful Death Estate of Joseph Threadgill, Deceased ("Decedent") by Judge Davis in an Order, Cause No. D-1329-PB-201200093.

3.    PLAINTIFF David Threadgill, is the father of the Deceased, and a resident of Bernalillo, Sandoval County, State of New Mexico.



EXHIBIT A

4. PLAINTIFF Priscilla Threadgill, is the mother of the Deceased, and a resident of Bernalillo, Sandoval County, State of New Mexico.

5. PLAINTIFF Danielle Threadgill, is the older sister of the Deceased, and a resident of Bernalillo, Sandoval County, State of New Mexico.

6. THOMAS HANCOCK ("HANCOCK") is a resident of Sandoval County, State of New Mexico.

7. DEFENDANT USAA, upon information and belief, was at all times material to this action a foreign insurance company duly registered and licensed in the State of New Mexico, and doing business within the State as an insurer.

8. Upon information and belief, at all times material, HANCOCK was insured by DEFENDANT USAA under a homeowners' insurance policy issued to Pamela Bosma and Andrew Bosma, and the adult son, HANCOCK, resided with said policyholders, is considered a resident relative under the policy.

9. Upon information and belief, at all times material, HANCOCK was insured by DEFENDANT GARRISON under an automobile liability policy issued and purchased pursuant to a statutory mandate contained in New Mexico Mandatory Financial Responsibility Act (hereinafter MFRA), NMSA (1978), Section 66-5-201, *et. seq.*

10. DEFENDANT GARRISON, upon information and belief, was at all times material to this action a foreign insurance company duly registered and licensed in the State of New Mexico, and doing business within the State as an insurer, and is owned in part or wholly by USAA.

11. DEFENDANTS USAA and GARRISON are real parties in interest, and are proper parties to this action.

12.     Pursuant to NMSA (1978), §§ Sections 44-6-2 & 44-6-12, in a case of actual controversy within its jurisdictions, this Court shall have the power to declare rights and all persons shall be made parties who have or claim any interest which would be affected by the declaration.

13.     Plaintiffs have and claim an interest in the declaration of rights pursuant to the policies wherein HANCOCK is an insured.

14.     This Court has jurisdiction of this cause of action because of the death of Joseph Threadgill and the events and occurrences giving rise thereto occurred in the State of New Mexico. Venue is proper in Sandoval County, New Mexico as cause of action arose in Bernalillo County, New Mexico. NMSA (1978), Section 38-3-1(A).

## GENERAL ALLEGATIONS

15.     The allegations of the preceding and succeeding paragraphs are incorporated here by this reference.

16.     On or about August 27, 2012, the Decedent was employed as a bouncer was working at 6001, Inc. d/b/a TD's North (hereinafter referred to as "TD'S") in Bernalillo County, New Mexico.

17.     Upon information and belief, and at all material times, HANCOCK arrived at TD'S at or near 12:15 a.m.

18.     Upon information and belief, and at all times material, prior to and after arriving at TD'S, HANCOCK consumed a significant amount of alcohol and become visibly intoxicated.

19.     Upon information and belief, and at all times material, throughout the course of the evening numerous witnesses observed HANCOCK show signs of severe intoxication or impairment.

20. Upon information and belief, and at all material times, HANCOCK after becoming intoxicated or becoming increasingly intoxicated after service of alcoholic beverages by TD'S, HANCOCK physically attacked a group of patrons of TD'S as well as several TD'S bouncers who attempted to break up the fight.

21. HANCOCK was restrained by several bouncers employed by TD'S shortly after attacking his fellow patrons, at which time it was exceedingly apparent to TD'S, its employees and agents that HANCOCK was visibly intoxicated, violent and physical aggressive.

22. While HANCOCK was escorted out by TD'S bouncers, he physically attacked them, resulting in a second altercation with multiple TD'S bouncers that required a blow to HANCOCK's head to quell his violent attack.

23. HANCOCK was taken outside by TD'S bouncers and placed on a bench immediately outside the front door near the Decedent.

24. TD'S bouncers were so concerned about further violence that approximately five of them formed a massive human shield to block him from exiting patrons.

25. Within minutes after being ejected themselves, the unknown six patrons attacked by HANCOCK exited TD'S and physically attacked HANCOCK.

26. HANCOCK was apparently unable to effectively defend himself at this time due to his severe level of intoxication.

27. TD'S bouncers intervened and ordered the other six patrons away from HANCOCK.

28. TD'S bouncers, with the exception of the Decedent, were instructed to return inside the club.

4

29. Upon information and belief, and at all material times, HANCOCK, who was severely intoxicated and impaired after receiving numerous blows to the head stood up telling the Decedent he was leaving.

30. Upon information and belief, and at all material times, while at or near his vehicle HANCOCK, severely intoxicated or impaired after receiving numerous blows to the head, retrieved a .357 and .38 handgun from inside his vehicle and negligently, intentionally, recklessly or willfully opened fire randomly shooting at TD'S and the Decedent and then and exited the vehicle to continue negligently, recklessly or willfully shooting randomly towards TD'S and towards the Decedent striking him numerous times.

31. Upon information and belief, at all material times, HANCOCK's negligent, intentional, reckless or willful random shooting from within and outside his vehicle towards TD'S and the Decedent struck the Decedent causing him severe injuries.

32. Witnesses then observed HANCOCK walk up to the Decedent while lying on the ground and shoot him, execution style, in the back of the head.

33. As a proximate cause of HANCOCK'S negligent, recklessly, intentionally, and willfully including aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiffs' and Decedent's injuries and damages, including pain and suffering, mental anguish and distress, death, medical and funeral expenses, loss of earnings, loss of consortium, loss of enjoyment of life, for which Plaintiffs seek relief pursuant to the New Mexico Wrongful Death Act, NMSA (1978), §41-21-1 *et seq.* and other New Mexico state laws.

## COUNT III
## DECLARATORY JUDGMENT

34. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

35. HANCOCK is the adult son of Pamela Bosma and Andrew Bosma and was a resident of the Bosma's household on August 27, 2011.

36. DEFENDANT USAA issued its Homeowners Policy (Policy No. CIC 00247 24 06 91A)(herein referred to as "the homeowners policy") to its named insureds Pamela Bosma and Andrew Bosma, within the policy period of 06/11/11 to 06/11/12, with $500,000.00 of personal liability coverage for each occurrence.

37. DEFENDANT GARRISON issued its Auto Policy (NO. 01411 86 93R 7101 2) ("the auto policy) to its named insured, Thomas I. Hancock, with a policy period of 07/18/11 to 01/18/12 purchased pursuant to a statutory mandate contained in New Mexico Mandatory Financial Responsibility Act (hereinafter MFRA), NMSA (1978), Section 66-5-201, *et. seq.*

38. Upon information and belief, and at all times material, HANCOCK is a resident relative of Pamela Bosma and Andrew Bosma and therefore an "insured" under the homeowners' policy.

39. Upon information and belief, at all times material, HANCOCK is a named insured under the auto policy.

40. Upon information and belief, at all times material, the death of the Decedent and foregoing damages arise out of the use of the covered vehicle owned and/or used by HANCOCK.

41. Pursuant to the Declaratory Judgment Act, NMSA (1978), Section 44-601, *et. seq.*, Plaintiffs seek a declaratory judgment.

42. The subject of this declaratory judgment is an actual controversy between DEFENDANTS USAA and GARRISON and Plaintiffs regarding coverage under the homeowners' policy and automobile policy issued by DEFENDANTS USAA and GARRISON where HANCOCK is a named insured or an insured under the policies and whether there is coverage for the tortious conduct of HANCOCK.

43. Upon information and belief, at all times material, HANCOCK was severely intoxicated or impaired as described by HANCOCK and numerous witnesses that evening.

44. Pursuant to the policies, DEFENDANTS USAA and GARRISON have a duty to defend and indemnify HANCOCK in the underlying litigation.

45. Upon information and belief, and at all material times, the policies insuring agreement contains an "expected or intended acts" exclusion.

46. Upon information and belief, and at all material times, the policies insuring agreement contains a "criminal acts" exclusion that requires that intent as a necessary element.

47. Based on the information contained in the Albuquerque Police Report and discoverable information, the above-referenced exclusions do not apply due to the lack of requisite intent, intoxication or impairment by HANCOCK and therefore the policies do afford liability coverage for the shooting death of the Decedent.

48. While New Mexico Courts have examined the expected or intended acts exclusion, no New Mexico Court has examined the proposition that voluntary intoxication can void the intentional acts and criminal acts exclusion under the homeowners and automobile policies.

49. Upon information and belief, and at all material times, the majority of jurisdictions uphold that voluntary intoxication or impairment negate the intentional act and

criminal act exclusions similar to the policies in effect or determined that the issue of voluntary intoxication or impairment is a factual question of fact for the jury to determine.

50. Plaintiffs have made a claim that HANCOCK's voluntary intoxication or impairment negate the intentional act and criminal act exclusions of the policies and that HANCOCK should be afforded liability coverage for Plaintiffs' damages and death of the decedent.

51. Upon information and belief, at all times material, HANCOCK's tortious actions arise out of both the use of the vehicle and his actions outside the vehicle, thereby triggering both the homeowner's and automobile liability policies.

### REQUEST FOR DECLARATORY RELIEF

52. Plaintiffs submit that, based upon the absence of controlling law on point and that the majority of other jurisdictions have upheld that voluntary intoxication or impairment negate the application of the intentional act and criminal act exclusions under the policies for the claim presented by Plaintiffs.

53. Based upon the presence of overwhelming facts that HANCOCK was so severely intoxicated or impaired, the presence of dicta from a majority of other jurisdictions that the intentional act and criminal act exclusions are in applicable in this case, Plaintiffs respectfully request that this Court declare that:

    a. There is coverage afforded for the damages claimed by Plaintiffs;

    b. HANCOCK is an insured under both the homeowners and automobile policies;

    c. The homeowners and automobile are both triggered to defend and indemnify HANCOCK;

d.     DEFENDANTS USAA and GARRISON owes a duty to defend and indemnify HANCOCK against damages claimed by Plaintiffs;

DATED this 26th day of November, 2012.

                  Respectfully submitted,

                  ARCHIBEQUE LAW FIRM, LLC

                  */s/ Ronald C. Archibeque*
                  Ronald C. Archibeque
                  P.O. Box 94837
                  Albuquerque, NM 87199- 4837
                  (505) 750-2363
                  Fax: (505) 792-6084
                  *Attorney for Plaintiffs*

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

PRISCILLA THREADGILL, Individually and as
Personal Representative of the Wrongful Death Estate
of JOSEPH THREADGILL, DAVID THREADGILL,
and DANIELLE THREADGILL

    Plaintiffs,

v.                                        No. D-1329-CV-2012-02542

UNITED STATES AUTOMOBILE ASSOCIATION
CASUALTY INSURANCE COMPANY and
GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY

    Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:   USAA Casualty Insurance Company
ATTN: CT Corporation System, Registered Agent
123 E. Marcy St.
Santa Fe, NM 87501

You are required to serve upon Plaintiffs an Answer or Motion in response to the Complaint which is attached to this Summons thirty (30) days after service of this Summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the Complaint.

Attorney or attorneys for plaintiff:

RONALD C. ARCHIBEQUE
ARCHIBEQUE LAW FIRM, LLC
P.O. BOX 94837
ALBUQUERQUE, NM 87199
(505) 750-2363

WITNESS the Honorable James L. Sanchez, District Judge of the Thirteenth Judicial District Court of the State of New Mexico, and the seal of the District Court of said County, this

day of 11-30, 2012.

<u>THERESA D. VALENCIA</u>   CHRISTINE A. BUSTOS ROYBALClerk
Deputy



**RETURN**

STATE OF NEW MEXICO        )
                           ) ss.
COUNTY OF SANDOVAL         )

    I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in _____ county on the ___ day of _____, 2012, by delivering a copy of this Summons, with copy of Complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the Defendant _____ (*used when Defendant accepts a copy of Summons and Complaint or refuses to accept the Summons and Complaint*)

[ ]    to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the Summons and Complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, (*used when the Defendant is not presently at place of abode*) and by mailing by first class mail to the Defendant at (*insert Defendant's last known mailing address*) a copy of the Summons and Complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by first class mail to the Defendant at _____ (*insert Defendant's business address*) and by mailing the summons and Complaint by first class mail to the Defendant at _____(*insert Defendant's last known mailing address*)

[ ]    to _____, an agent authorized to receive service of process for Defendant _____.

[ ]    to _____ [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of Defendant _____, (*used when Defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____ (*title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*)./

Fees:

                                                         Signature of Person Making Service

                                                         Title (if any)

Subscribed and sworn to before me this ___ day of _____, 2012.

(Seal)

                                                        Judge, Notary or Other Officer
                                                        Authorized to Administer Oaths

My commission expires:

Official Title

_____

## USE NOTES

1.  Unless otherwise ordered by the Court, this return is not to be filed with the Court prior to service of the Summons and Complaint on the Defendant.

2.  If service is made by the Sheriff or a Deputy Sheriff of a New Mexico county, the signature of the Sheriff or Deputy Sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended, effective March 1, 2005.]

## COMPILER'S ANNOTATIONS

**The March 1, 2005** amendment deleted "and file the same, all as provided by law" at the end of the first paragraph and inserted after "this summons" "and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA," replaced the second paragraph and revised the return paragraphs to conform those paragraphs with the amendment of Rul 1-004 NMRA also approved as of March 1, 2005.

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

PRISCILLA THREADGILL, Individually and as
Personal Representative of the Wrongful Death Estate
of JOSEPH THREADGILL, DAVID THREADGILL,
and DANIELLE THREADGILL

        Plaintiffs,

v.                                                                          No. D-1329-CV-2012-02542

UNITED STATES AUTOMOBILE ASSOCIATION
CASUALTY INSURANCE COMPANY and
GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY

        Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:    Garrison Property and Casualty Company
        ATTN: CT Corporation System, Registered Agent
        123 E. Marcy St.
        Santa Fe, NM 87501

You are required to serve upon Plaintiffs an Answer or Motion in response to the Complaint which is attached to this Summons thirty (30) days after service of this Summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the Complaint.

Attorney or attorneys for plaintiff:

RONALD C. ARCHIBEQUE
ARCHIBEQUE LAW FIRM, LLC
P.O. BOX 94837
ALBUQUERQUE, NM 87199
(505) 750-2363

WITNESS the Honorable <u>James L. Sanchez,</u> District Judge of the Thirteenth Judicial District Court of the State of New Mexico, and the seal of the District Court of said County, this

day of <u>11-30</u>, 2012.

<u>Theresa D. Valencia</u> Christine A. Bustos Roybal
Clerk                              Deputy



**RETURN**

STATE OF NEW MEXICO        )
                           ) ss.
COUNTY OF SANDOVAL         )

      I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in _____ county on the ___ day of _____, 2012, by delivering a copy of this Summons, with copy of Complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the Defendant _____ (*used when Defendant accepts a copy of Summons and Complaint or refuses to accept the Summons and Complaint*)

[ ]    to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the Summons and Complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, (*used when the Defendant is not presently at place of abode*) and by mailing by first class mail to the Defendant at (*insert Defendant's last known mailing address*) a copy of the Summons and Complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by first class mail to the Defendant at _____ (*insert Defendant's business address*) and by mailing the summons and Complaint by first class mail to the Defendant at _____(*insert Defendant's last known mailing address*)

[ ]    to _____, an agent authorized to receive service of process for Defendant _____.

[ ]    to _____ [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of Defendant _____, (*used when Defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____ (*title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*)./

Fees:

                                                   Signature of Person Making Service

                                                   Title (if any)

Subscribed and sworn to before me this ___ day of _____, 2012.

(Seal)

                                                   Judge, Notary or Other Officer
                                                 Authorized to Administer Oaths

My commission expires:

Official Title

_____

## USE NOTES

1. Unless otherwise ordered by the Court, this return is not to be filed with the Court prior to service of the Summons and Complaint on the Defendant.

2. If service is made by the Sheriff or a Deputy Sheriff of a New Mexico county, the signature of the Sheriff or Deputy Sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended, effective March 1, 2005.]

## COMPILER'S ANNOTATIONS

**The March 1, 2005** amendment deleted "and file the same, all as provided by law" at the end of the first paragraph and inserted after "this summons" "and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA," replaced the second paragraph and revised the return paragraphs to conform those paragraphs with the amendment of Rul 1-004 NMRA also approved as of March 1, 2005.