IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PRISCILLA THREADGILL, Individually and as
Personal Representative of the Wrongful Death Estate
of JOSEPH THREADGILL, DAVID THREADGILL,
and DANIELLE THREADGILL,

      Plaintiffs,

vs.                                                             No. CIV 12-1257 RB/LFG

UNITED STATES AUTOMOBILE ASSOCIATION
CASUALTY INSURANCE COMPANY and
GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remand Due to Absence of Complete Diversity of Jurisdiction (Doc. 6) and Defendants' Motion to Dismiss or, in the Alternative, Motion for Consolidation (Doc. 10). Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel and relevant law, the Court denies the Motion to Remand, denies the Motion to Dismiss, and grants the Motion for Consolidation.

### I.    Background

On August 27, 2011, Joseph Threadgill was employed as a bouncer at TD's Showclub in Albuquerque, New Mexico. Thomas Hancock was a patron. After Hancock got into a fight with other customers, bouncers broke up the fight and kicked Hancock out. A group of men followed Hancock outside and continued the altercation, hitting Hancock on the head. Bouncers again intervened and the group of men left. Several minutes later, Threadgill walked Hancock to his vehicle in the parking lot. Hancock retrieved guns from his vehicle and fired several shots.

Witnesses saw Hancock shoot Threadgill while Threadgill was on the ground. Threadgill died from multiple gunshot wounds. Police located Hancock at the home of his mother, Pamela Bosma, and arrested him. A New Mexico grand jury indicted Hancock for first degree murder, shooting at or from a motor vehicle, and tampering with evidence. Hancock remains detained and awaits trial. *See State of New Mexico v. Thomas I. Hancock*, D-202-CR-201104244, Second Judicial District, County of Bernalillo, State of New Mexico.

USAA Casualty Insurance Company ("USAA") issued a homeowners' insurance policy to Pamela and Andrew Bosma with limits of $500,000.00 covering the period from June 11, 2011 to June 11, 2012. As Hancock lived with Mrs. Bosma at the time of the incident, he qualifies as an insured under the homeowners' insurance policy. Garrison Property and Casualty Insurance Company ("Garrison"), a wholly owned subsidiary of USAA, issued an automobile insurance policy to Hancock with liability limits of $25,000 per person and $50,000 per accident covering July 18, 2011 to January 18, 2012. On September 21, 2012, an attorney representing the Estate of Joseph Threadgill demanded payment from USAA and Garrison of the policy limits of both policies for damages arising from the wrongful death of Joseph Threadgill.

On October 15, 2012, USAA and Garrison filed suit in this Court under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the New Mexico Declaratory Judgment Act, N.M. STAT. ANN. §§ 44-6-1, *et seq.*, seeking a declaration that the insurance policies do not cover wrongful death damages arising out of the death of Threadgill ("federal declaratory judgment action"). *See USAA Cas. Ins. Co. & Garrison Prop. & Cas. Ins. Co. v. Thomas Hancock & the Estate of Joseph Threadgill*, CIV 12-1062 RB/LFG.

On November 13, 2012, Joseph Threadgill's family filed suit against Hancock and TD's

Showclub seeking damages for his wrongful death and other civil claims ("wrongful death action"). *Priscilla Threadgill, Individually & as Pers. Representative of the Wrongful Death Estate of Joseph Threadgill, et al. v. Thomas Hancock, et al.*, D-1329-CV-2012-02435, Thirteenth Judicial District, County of Sandoval, State of New Mexico.

On November 26, 2012, the Threadgill family filed suit against USAA and Garrison in New Mexico state court seeking a declaratory judgment that the insurance policies issued by USAA and Garrison cover the damages claimed in the wrongful death action ("state declaratory judgment action"). *Priscilla Threadgill, et al. v. USAA Cas. Ins. Co., et al.*, D-1329-CV-2012-02542, Thirteenth Judicial District, County of Sandoval, State of New Mexico. On December 4, 2012 at 3:30 p.m., USAA and Garrison removed the state declaratory judgment action to this Court as the instant action. (Doc. 1). On December 4, 2012 at 5:05 p.m., Plaintiffs filed a "First Amended Declaratory Judgment" in state court that purported to add Thomas Hancock, a New Mexico resident, as a defendant in the state declaratory judgment action. (Doc. 6-4).

## II. Discussion

### A. The Court has jurisdiction.

A defendant may remove a civil action brought in state court to federal court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chad*, 296 F.3d 952, 955 (10th Cir. 2002). Thus, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the defendant must establish that the jurisdictional requirements of 28 U.S.C. § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

The Tenth Circuit has held that in determining the propriety of removal the court must consider the complaint as it stands at the time of the removal. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). Notably, "where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship . . . [or a] reduction in the amount in controversy." 14B CHARLES A WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3723 (4th ed. 2008); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 & n.6 (2007) ("when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

Section 1332 requires that the matter in controversy exceed the sum or value of $75,000 and arise between citizens of different States. *See* 28 U.S.C. § 1332(a). Section 1332(a) requires "complete diversity" in that no plaintiff may be the citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). It is undisputed that the amount in controversy exceeds $75,000. It is also undisputed that Plaintiffs are citizens of New Mexico and USAA and Garrison are Texas corporations with their principal place of business in Texas. At the time of removal, complete diversity existed and, thus, diversity jurisdiction arose. After the case was removed, Plaintiffs filed an amended complaint in state court. However, the amended complaint was a nullity because the matter had been removed to federal court. *See* 28 U.S.C. § 1446(d) (directing that "the State court shall proceed no further unless and until the case is remanded."). The amended complaint filed in state court after removal

4

did not divest this Court of jurisdiction.

Plaintiffs contend that USAA and Garrison should be deemed citizens of New Mexico under 28 U.S.C. § 1332(c)(1), which provides: "[I]n any direct action against an insurer . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." Plaintiffs have not provided support for the notion that a declaratory judgment action constitutes a "direct action" for purposes of 28 U.S.C. § 1332(c)(1). Absent Tenth Circuit authority that the Court should treat a declaratory judgment as a "direct action" under the circumstances of this case, the court declines to apply 28 U.S.C. § 1332(c)(1) to USAA and Garrison.

In that diversity jurisdiction exists, the motion to remand will be denied. Accordingly, there is no basis for an award of attorney fees. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal.").

### B.     Plaintiffs have standing.

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint in whole or in part for failing to state a claim upon which relief is available. To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a claim for relief that plausibly, not merely possibly, entitles the plaintiff to relief under the relevant law. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). In considering a motion to dismiss, the court must look within the four corners of the complaint and accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191

(10th Cir. 2009) (citations omitted).  However, the court need not accept legal conclusions contained in the complaint as true.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

USAA and Garrison move to dismiss the instant case on the ground that Plaintiffs lack standing to bring a third-party action against them.  Plaintiffs filed suit under the New Mexico Declaratory Judgment Act, which provides for a cause of action in cases of actual controversy to declare rights, status, and other legal relations.  *See* N.M. STAT. ANN. § 44-6-2.  New Mexico law provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."  N.M. STAT. ANN. § 44-6-14.  "This means that any person or entity with an existing or potential interest in the outcome of the action must be named."  *Gallegos v. Nev. Gen. Ins. Co.*, 149 N.M. 364, 366, 248 P.3d 912, 914 (Ct. App. 2010) (internal quotation and citation omitted).

Plaintiffs have an interest in litigating the question of whether the insurance policies issued by USAA and Garrison cover the conduct of Hancock.  Notably, the *Gallegos* court recognized that a "declaratory judgment against only the insured would not bind the injured party, [and] required joinder of the injured third-party to avoid the possibility that opposite interpretations of the [insurance] policy might be announced in the declaratory action and the liability action."  *Id.*, 149 N.M. at 369, 248 P.3d at 917 (internal quotation and citation omitted).  As New Mexico law holds that third-party claimants must participate in an action to determine insurance coverage brought under the New Mexico Declaratory Judgment Act, this matter should not be dismissed for lack of standing.

C.   **Consolidation is appropriate.**[1]

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion." *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 886 F. Supp. 1560, 1572 (D.N.M. 1994). In exercising this discretion, courts "weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Id*.

This matter and the federal declaratory judgment action involve common questions of law and fact. Consolidation would conserve judicial resources and avoid duplication of effort and would not cause delay, confusion, or prejudice. For these reasons, this matter will be consolidated with the federal declaratory judgment action.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Remand Due to Absence of Complete Diversity of Jurisdiction (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, Motion for Consolidation (Doc. 10) is **DENIED** as to dismissal and **GRANTED** as to consolidation.

**IT IS FURTHER ORDERED** that this matter is consolidated with *USAA Cas. Ins. Co.*

---

[1] Defendants contend that the first-filed rule applies and the federal declaratory judgment action should proceed rather than this matter. The first-filed rule applies only where essentially the same issues and litigants are involved in two substantially identical causes of action before federal courts in different districts. *Ed Tobergte Assocs. v. Zide Sport Shop*, 83 F. Supp. 2d 1197, 1198 (D. Kan. 1999) (citation omitted). Because both cases are pending in this district, the first-filed rule is inapplicable.

*and Garrison Prop. and Cas. Ins. Co. v. Thomas Hancock and the Estate of Joseph Threadgill*, CIV 12-1062 RB/LFG.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**