### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

**PRISCILLA THREADGILL, Individually and**
**as Personal Representative of the Estate of Joseph**
**Threadgill, DAVID THREADGILL and DANIELLE**
**THREADGILL,**

           **Plaintiffs,**

**vs.**                                           **No. CIV 12-1257 RB/LAM**

**UNITED STATES AUTOMOBILE ASSOCIATION**
**CASUALTY INSURANCE COMPANY and**
**GARRISON PROPERTY AND CASUALTY**
**INSURANCE COMPANY,**

           **Defendants.**

### MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Doc. 29). Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel, the record, and relevant law, the Court grants this motion.

**I.**      **Background**

      On August 27, 2011, Thomas Hancock shot and killed Joseph Threadgill in the parking lot of a nightclub in Albuquerque, New Mexico. Defendants previously issued a homeowners insurance policy to Hancock's mother and an automobile insurance policy to Hancock. Defendants filed suit in this Court seeking a declaration that the insurance policies do not cover the shooting. *See USAA Cas. Ins. Co. and Garrison Prop. and Cas. Ins. Co. v. Thomas Hancock and the Estate of Joseph Threadgill*, CIV 12-1062 RB/LFG ("12cv1062"). Thereafter, Plaintiffs filed suit against Defendants in state court seeking a declaration that the insurance policies cover the shooting. *See Priscilla Threadgill, et al. v. USAA Cas. Ins. Co., et al.*, D-1329-CV-2012-02542,

Thirteenth Judicial District, County of Sandoval, State of New Mexico. Defendants removed the state suit to this Court as the instant action. ("12cv1257").

The Court consolidated the cases because they involved common questions of fact and law. The parties filed motions for summary judgment captioned under 12cv1062. The Court determined that the policies did not cover the shooting and issued summary judgment in favor of Defendants. Because neither the motions nor the decision in 12cv1062 explicitly addressed 12cv1257, the Court severed 12cv1257 from 12cv1062 and issued a final judgment in 12cv1062.

Defendants filed a motion for summary judgment contending that this matter is precluded by the determination in 12cv1062 that the insurance policies do not cover the shooting. Defendants also adopt their briefs and supporting papers filed in 12cv1062. Plaintiffs filed a response the arguing that the insurance policies cover the shooting.

## II.   Discussion

The doctrine of res judicata, "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, res judicata protects "against the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). "The fundamental policies underlying the doctrine of res judicata are finality, judicial economy, preventing repetitive litigation and forum-shopping, and 'the interest in bringing litigation to an end.'" *Plotner v. AT & T Corp.,* 224 F.3d 1161, 1168 (10th Cir. 2000) (citation omitted).

The Tenth Circuit has elaborated that res judicata provides that a final judgment on the merits of an action precludes the parties or their representatives from relitigating issues that were or could have been raised in the prior action *Satsky v. Paramount Comm., Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993) (internal citations omitted). In order for the doctrine of res judicata to apply, the Tenth Circuit has held that four elements must be satisfied: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be the same in both suits; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. Gen. Mills Restaurants, Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997).

All four res judicata requirements are present in this case. First, the Court issued a final judgment on the merits in 12cv1062. Second, the parties were the same in the earlier action as the parties in the instant action. Third, the cause of action raised in 12cv1062, *i.e.*, whether the insurance policies covered the shooting, is identical to the cause of action raised in this matter. Fourth, the coverage issue was fully and fairly litigated in 12cv1062. Under these circumstances, the doctrine of res judicata bars the instant suit.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 29) is **GRANTED.**

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**